

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Carl C. Hardin, Jr.,
Executive Secretary
Texas State Board of Dental Examiners
Austin, Texas

Dear Sir:

Opinion No. O-7154
Re: A. Are the enclosed display
ads a violation of Article
752b of the Penal Code,
paragraphs (e) and (o) and
the proviso at the end of
said article?
B. What is your interpretation
of the meaning of "profes-
sional announcement" or
"professional card" in said
proviso?

Your request for an opinion on the above questions
has been received and carefully considered by this department.
We quote your letter as follows:

"A.  Are the enclosed display ads a violation
of Article 752b of the Penal Code, paragraphs (e)
and (o) and the proviso at the end of said article?

"B.  What is your interpretation of the mean-
ing of 'professional announcement' or ' professional
cards' in said proviso?

"I am enclosing several large display ads which
have been brought to my attention as Attorney for the
Texas State Board of Dental Examiners.

"After considerable briefing, it is my opinion
that these display ads are in direct violation of
Article 752b of the Penal Code, paragraphs (e) and
(o), and the last paragraph in said article as amended.
I arrived at this decision by virtue of the lengthy
discussion in the cases, Rust vs. Missouri Dental
Board, 155 S. W. (2d) 80; Winberry, et al. vs.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Carl C. Hardin, Jr., - Page 2

Hallihan, et al., 197 N. E. 552, Johnson vs. Board
of Dental Examiners, 134 Fed. (2d) 9 and Modern System
Dentists Inc., et al, vs. State Board of Dental Ex-
aminers of Wis., 256 N. W. 922, and I would appreciate
an opinion from you as to whether the enclosed ads are
in violation of the paragraphs of the article cited.

"I am also enclosing a copy of a Brief prepared
for Dr. B. Carl Holder, President of the Texas State
Board of Dental Examiners, in connection with the last
paragraph of Article 752b of the Penal Code, as amended;
and, after an examination of this Brief, I would appre-
ciate a separate written opinion on your construction
of the article covered by my Brief."

In our Opinion No. 0-1992, we construed Article 752b,
Vernon's Annotated Penal Code of Texas, and stated as follows:

"In your letter you ask the following questions:

"'In other words under Article 752b, supra, taken
as a whole, may dentist, without enfringing the criminal
laws, advertise in any manner and with as much space as
he desires, so long as he does not violate one of the
specific prohibitions in subsection "a" through "t", or
is his advertising limited by the proviso, to a mere
statement of his name, degree, office location, etc?'

"In answering this question we would first point
out as stated above that apparent intention of the Legis-
lature was to preserve a long standing customary right
to the dentist and not to restrict him.  Certainly since
this is a criminal statute and must be strictly construed,
it would seem clear that the dentist could advertise in
any manner and with as much space as he desires so long
as his advertising did not fall under the prohibited
practices of the article in question.

"We therefore respectfully advise that Article 752b,
Penal Code as amended, is valid and constitutional and
the proviso at the end of said article is permissive
rather than restrictive."

Honorable Carl C. Hardin, Jr., - Page 3

        We believe that the foregoing answers your question "B".

        The last paragraph of Article 752b may not be made the basis for a criminal prosecution since said paragraph prohibits no practice whatsoever, but merely indicates the type of advertising which a dentist may employ without violating any of the provisions of the Act. It is our opinion, therefore, that the advertisements submitted do not constitute violations of the said paragraph.

        We do not believe that any of the advertisements submitted by you violate subsection (o) of Article 752b, for in Opinion No. O-2743 concerning that subsection, we stated:

> "'Large display signs' mentioned in this subdivision, when considered in connection with other things mentioned in the subdivision, must be construed as something other than newspaper advertisements."

        In our opinion, each of the advertisements constitutes a fact situation to be determined by the jury as to whether or not the statements made in such advertisements are "of such a character tending to mislead or deceive the public" and thereby a violation of subsection (e) of Article 752b.

        We trust that this satisfactorily answers your inquiry.

                Yours very truly

              ATTORNEY GENERAL OF TEXAS

        By                      James N. Ware
                           Assistant

JNW:zd

APPROVED MAY 8, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN